Our first case of the afternoon is 414-0587, Calvin Christian III v. City of Springfield. For the appellant, Mr. Berner. For the appellate, Mr. Rahn. You may proceed. We're here this afternoon to contest facially two ordinances, the Springfield Empowerment Ordinance, which has a conditional forfeiture provision, which we also contest, and the Sound Device Ordinance, where you have an audible signal or sound of 75 feet. You can be fined and your vehicle also impounded, as the case may be. We challenge these. We have approximately a 20-count complaint, but we challenge this today and we point particularly to the fact that my goal is to show you that all these people are entitled to jury trial. All right. It's a traffic offense. It's using your car to commit certain offenses. The offenses involved are all felonies, certain misdemeanors, basically prostitution offenses, certain municipal offenses, again, prostitution offenses, and the serious and serious IBC. And we're saying that if people had a right to be in circuit court rather than an administrative hearing, it was void ab initio. It was as if it was never passed. And that doctrine or premise really hasn't been challenged if, in fact, there is a lack of subject matter jurisdiction. I'd like to give you a brief overview of this impoundment statute. Answered interrogatories indicated only full years we have are 2011-2012. There were 3,426 impoundments. 2,051, or approximately 60%, were either DUI or license revoked. Now, if you think about that for a second, when you say they used their car to commit the DUI... really aren't relevant to the dismissal of it. license revoked. Without going into any percentages or the number, I would suggest to you that that kind of thing is an example of this impoundment ordinance. It says, okay, you committed DUI, and we're going to take you to court perhaps for that violation, and then we're going to impound your car because you used your car to commit DUI. Now, that's on the face. And I'm saying that it's the same thing. It's the same thing. It adds no new element to the offense to say we used the car. If you drive by license revoked, you're driving by license revoked. If you say it was committed with a car, it's redundant. It makes no sense. So whether it's 60% of the time, those two charges, or 2%, I'm just trying to illustrate how this impoundment ordinance works. Now, before I get into my main case, I'd like to just touch upon some of the fallacies that I think are promoted by defendant's complaint. They refer to the ordinance as a tow ordinance, which is altogether different than an impoundment ordinance. And I think this is done to make it look innocuous. Yet, it isn't innocuous. You have a fine. You have towing. You have storage expenses. Your car is taken from you. If you don't pay it or can't pay it, it's forfeited. That's on the face of the statute. It isn't a tow ordinance. The tow ordinance is pursuant to what's called a community care doctrine. So in other words, for public convenience and necessity, the police can move your car or relocate it. Say you're too inebriated to drive and you don't have a driver present that is sober, or you're in an accident and the car has to be moved. That's a tow ordinance. But you're not charged under the impoundment ordinance and you're not going to pay a fine. You'll pay for towing and storage for however long that car is there. But it's not the same thing as an impoundment where if you don't pay, for example, your car can be forfeited. That's a separate thing and I want to make sure I'm clear on that. Because Fourth Amendment protections do apply to impoundments. That's clear. And in the cases we've presented in our briefing, we've mentioned that distinction. Now, the second thing is the defendant says, well, there's no determination of guilt. This isn't a criminal matter. It should be administrative and so forth. And I would propose to the court that ordinance violations of these types are at best quasi-criminal, according to Supreme Court decisions. And the reason they are quasi-criminal, there is some criminality involved here. When you say all felonies, certain misdemeanors, IVC, serious IVC offenses, certain ordinances, and those ordinances, for example, are criminal in nature, it is quasi-criminal. Now, it's subject to the rules of civil procedure in large part, such as the burden of proof. But there is a criminality. And I would also suggest that you've got a prosecutor, you've got a governmental entity, they're trying to deter or prohibit certain conduct, and that's what makes it quasi-criminal. And the labels mean very little here. Very little. And this determination of guilt that runs through the whole brief is irrelevant. I mean, I'll give you an example. If I speed here at a court and I get a ticket and someone says, were you guilty? Did they determine your guilt? And I go, no, not at all. Well, did you violate statute? Yeah. Were you fined? Yes. But we won't use that word. It means very little. There is a determination, and there's a determination of the underlying or predicate offense, and then there's an additional element that your car was used to commit that offense. So there is that criminality aspect. Now, I would just say that the authority relied by defendant on basically four cases, and I would suggest that they don't touch upon the issues I'm going to present to the court today, the issues that I'm going to highlight. Now, as I indicated, it's our position that these people had a right to jury trial, and it's grounded in the Constitution and statutes that kind of are derived from the Constitution. And the first one I'd like to point out to the court, and I felt that the verbiage was important, so I put it forth. Hopefully it will stay up. And you'll see a unit of the Supreme Court Rule 510. You'll see that it refers to a municipality as a unit of government, and the traffic offenses are any ordinance relating to the operation or use of motor vehicles. Now, when you are charged with using your automobile to commit an offense, you are being regulated by ordinance as to the operation or use of your vehicle. And this makes sense that this is applicable, because if I was charged with DUI, I'd be in court, and I'd ask for a jury trial, or I could have that available. If you add, you used your car to commit it, why all of a sudden does it change and go to administrative hearing? It's not logical. It's just a way to encroach upon this right that's guaranteed by Supreme Court rules. Now, Supreme Court rules have force of law, and matters judiciary or the mode of trial, they're supreme. So, in other words, this presents separation of powers argument. There was an underlying ticket for what? Reckless driving? In this particular case? In the case you're here for. In this case, yes. Your client was charged with an offense, and we're not talking about an ordinance violation. He was charged with a violation of the vehicle code, correct? Correct. Okay. And so, certainly he has the right to a jury trial and adjudication on that charge, but you're saying that the Supreme Court rules provide for the right to a jury trial on the impoundment as well? Because the elements are the same. You know, the underlying predicate offense is reckless driving. Those elements are the same. And, in fact, you have an additional element that he used that was facilitated by his vehicle. So, my point is the predicate offense is the same as the one tried in court. But what would happen, probably, if they were both taken to court, two different tickets were issued, the trial judge may very well say, isn't this the same thing? Which one do you want? Do you want to go with the ordinance violation or the state statute violation? Is there any case authority, and not just within the state of Illinois, or in any state that would substantiate this argument that any impoundment ordinance that relies on some predicate offense requires that the individual whose vehicle is impounded has the right to a jury trial? Well, there are cases, I can't say that there's cases that are right on point, like you'd request, but I think there are a lot of cases that support that notion, which I can get into as I get a little farther into my argument. But, basically, what we're saying is that when you use your car to facilitate this offense, the impoundment or the fine is the disposition of the case. It's not an element of the offense. And the elements of the offense here should determine where the trial is. So, if you have reckless driving and they say you facilitate with your automobile, those are the elements. The impoundment and fine, the impoundment is a hostage for your car, so you pay the fine. The fine is a disposition. If I went to court, for example, and I said, okay, I'm innocent, whatever, I negotiate, and they said court supervision, that would be the disposition. But what would get me to court would be the elements of the offense. And the elements of the offense in the example Justice Harris makes with the reckless driving, they're the same. Well, there's no race judicata or collateral estoppel being applied here. The state couldn't use a determination made by the hearing officer for use in the prosecution of the underlying offense, could it? No, but that's the problem. Let's say my client goes, because now we're getting off kind of the face of the document, which you had indicated we should stay on, but I want to turn that around a little bit because I think it's a good observation. He goes to court and it just so happens that the reckless driving is disposed of earlier than the impoundment proceeding. And the judge goes to preliminary hearing and says, you didn't have probable cause to stop him. I'm throwing it out. Or he goes to fact-finding prior fact before jury or judge and they throw it out. That isn't binding on them. They go and they can disregard that decision. So that works both ways. And in my view, that's the more serious problem because they trump the judge on the same event with the same actor and the same conduct, an additional element. So how would you find him guilty at the administrative hearing when the judge said, either I'll throw it out at the preliminary hearing, because probable cause is an issue in cases like this. Impoundment does trigger a Fourth Amendment. So that would be my response. All right. Now, what this shows, what I'm going to show you is that this is well-grounded, my feeling about the jury trial. Here is the criminal code, and I had said that both kind of apply because it's quasi-criminal. And in this particular case, it says right now, jury fee required to create the offense is ordinance violation punishable by fine only. And my position is, this is an ordinance violation, is it not? Yes. Is it quasi-punishable by fine? And that applies. That section applies. Now, this court in People v. Thiel, which supports the Fourth District, said speeding, first offense speeding, charges of petty offense, is entitled to jury trial. Okay? In People v. Mannion. And I will tell the court just so you're aware, but I provided opposing counsel with copies of these. Okay? It's not. So here you have the speeding ticket, and in Illinois, you know that you have rights of jury trial. All right. If we said, hypothetically, they used their power to speed, it's like they used their power to do you wrong. Would you take the jury trial away from them and say, it's an impoundment situation, it's not really a violation because it's not in the record, or you're being fined. And that's all it takes, is to be fined. It's punishment. Now, if that weren't enough, the Civil Practice Act also says, ordinance violations where you're fined are entitled to jury trial. And they should be in circuit court. This was resisting arrest. So you have a criminal offense that they say you used your car with, and they say, well, it's just impoundment. Well, it isn't just impoundment, it's a fine. The impoundment enforces the fine. Lastly, and I don't know how you would get around this, the right to jury trial, you've read the language, is heretofore enjoyed. When this was passed in 1970, the Constitution of Illinois, 50 states had then violated the language. Fourteen had the heretofore enjoyed. So prior to 1970, what was occurring, what traffic offenses, speeding, any type of thing you did with your car, left turn signal, improper lane change, you had a right to jury trial. I went back to 1911, the first motor vehicle code. It was rather interesting, because back in 1911, if you sped in your car, you had a right to jury trial. And the interesting part of it is if you had four pneumatic tires, you could go 20 miles an hour. If you have two hard rubber tires on that car, you could only do 15. And the definition of a motor vehicle was something that wasn't propelled by muscular force. And I will add one other thing. There was another violation, which you were allowed a jury trial, and that's if you scared a horse with your car. My point being, it goes back a long way. A long way. Now this is a tough question, because it goes on and on, and these statutes are ubiquitous. So if you want to go with labels, you can do that probably. But substance, here's a constitutional issue. Substance is traffic offenses, things where you violate, moving violations, they have a constitutional right to jury trial. And that is shown by Supreme Court rule and by the criminal code, by the civil code. Lastly, you'll see at the bottom of the sheet, people versus O'Malley. The Supreme Court in this state was asked, do forfeitures, are they entitled to jury trial? Now that gets a little closer to an impoundment, doesn't it? An impoundment takes your vehicle away, and the punishment is the amount of the fine, and it is saying you used your vehicle in an unlawful way. A forfeiture says the same thing, except that the value of the car is the punishment. The value of the car. So there is a clear analogy or parallel between the two. So even if you go that far, people versus O'Malley says in rem forfeitures have a right to jury trial. That's in rem, that's where the car or the house that was used to facilitate like drug, whatever, drug offenses, that house or that car can be forfeited and they say, you know, the state versus 1974 Plymouth automobile. You have a right to jury trial. So they didn't believe in saying, well, it's a forfeiture. It's different. A forfeiture is permanent. An impoundment is meant to be temporary. It's meant to be temporary, and Judge, we have found, and because you brought it up, is that one in five vehicles are forfeited if the fine is $500. And that's admitted in discovery, and I know that's off the face of it. But there's only going to be a fine if, I'm asking, will there only be a fine if the underlying crime or violation has been proven? Correct. And there will only be a forfeiture if the underlying offense has been proven. So that's why I say there's an analogy. There's a difference in value. The value is the value of the automobile, or the punishment. The value of the punishment, you take your car away, it's worth so much. We're talking about a fine that is $500, later brought down to $250. But the analogy is clear. It's using your property to commit an offense. And the Supreme Court says you can't do that. I mean, if you do that, they have a right to jury trial. That's a pretty strong case that I think is on point. Does say empowerment. It says forfeiture. But the principles are the same. Your time has expired. Oh, I'm sorry. We'll hear from you on rebuttal. Okay. Thank you. Thank you. May it please the Court. This ordinance isn't a money-making scheme. It's actually very reasonable and common around the state. A driver is arrested for DUI, for driving without a valid license, or any other number of felonies that are listed in the ordinance. That driver isn't going to be allowed to drive away from the scene. Something has to be done with the car. Something has to be done with the truck, whatever vehicle. The police reports must be completed, paperwork filled out. For several hours, the officer is going to be completing this work, and time is money. Now typically, of course, taxpayers pick up the tab for officer time. But this is a situation where extra time can be attributed to one wrongdoer. One person, and that's the owner of the car who allowed the vehicle to be used by a driver who was not a valid driver at the time. In reality, the owner created the circumstances which caused the extra paperwork, and this is just a fee-shifting thing, allowing a portion of public resources, police time, to be attributed to a person who created that. That's the rationale for this ordinance, and that rationale has been expressly held proper and reasonable in People v. Ratliff. Now the ordinance here is directed against the owner of vehicles. All this stuff is directed against the driver of the vehicle who violates the code. The entire plaintiff's argument is premised on the idea that those people are always one and the same. You heard his argument. He said, you're driving your car. He was assuming they were always one and the same. Now sometimes they are, but not always. Ironically, in this case alone, they're not. There are two named plaintiffs in this case. T.C. Christian Sr., owner of record of the car. Calvin Christian Jr. was the driver. His argument does not apply to his own plaintiffs in this case. Moreover, the plaintiffs are asserting a facial constitutional violation on these ordinances. Now, a facial constitutional challenge, as opposed to an as-applied constitutional challenge, requires that they prove that there is no circumstances, there are no sets of facts, under which that ordinance could be valid. We have one right here. The owner is different from the driver. So, the driver gets ticketed for reckless driving, as happened in this case. The driver has all the rights, all the jury trials, all the protections of any vehicle code violator in state court. The owner, who entrusted his car to an invalid driver, has the procedures allowed for in the administrative code under this ordinance. Virtually all of their arguments apply only when the owner and the driver are the same thing. That's not the case here, and it's not always the case. There's a long-standing distinction between criminal and civil liability in this state and in this country. If they were one and the same, there would be double jeopardy involved. That argument was expressly rejected by the appellate court in People v. Jowden, which upheld Chicago's Toe Ordinance. They argued that, hey, it would be double jeopardy if we get convicted in one and then you're going to have another fine put on top of it. No, that was not double jeopardy. This is an administrative fine assessed against the owner of the vehicle, even if that owner is the same as the person. Not in this case, but in that case it was. The plaintiff's position would also undermine the long recognition that both civil and criminal liability can arise out of the same set of facts. If I'm driving a car recklessly and I hit somebody, I'm going to be criminally liable for reckless driving, and I'm also going to be civilly liable to the people that I hit. It's a different liability and it's the same set of facts, but we have two different remedies here, and both of them are available. Proceedings under the Toe Ordinance do not determine the driver's guilt. In this case, there was no determination of the driver's guilt. The driver still had his rights in state court. What was a determination was a preponderance of evidence that the owner submitted the car to be used in those circumstances. And yes, the same facts were there, but it's a different standard of proof and it's a different variety and it is a different fine. And I would point out that the aid that Mr. Berner pointed out that said every person accused of an offense shall be entitled to a trial by jury unless it is an ordinance violation punishable by a fine. I think he misread that section. Ordinance violations punishable by fines don't require a jury trial anyway. Now, we've gone at length in our brief talking about how administrative procedures do not violate separation of powers. They do not undermine the right to a jury trial. They have been long held under Illinois law and throughout the United States as to satisfy due process. I don't think we need to re-litigate all those case law. This ordinance is not inconsistent with the vehicle code because it doesn't interfere with the vehicle code. The vehicle code is litigated in an entirely separate venue. In this case, the plaintiffs are throwing virtually everything and the kitchen sink at a valid procedure that's been repeatedly upheld. Aurora's ordinance, virtually the same, upheld in Ratliff. Chicago ordinance, virtually the same, upheld in Jowden. More recently in Jackson v. Chicago. And then just December 30th of last year, a case that was decided after our briefs went in, you'll find Sloper v. Chicago, which is 2014 ILAP 1st, 14712, also upheld, once again, the Chicago Tow Ordinance. I don't think there's any grounds, and I think the court was correct to dismiss this case as it stands there. If I have an immediate probable cause hearing and the administrative officer says, yeah, there's probable cause, and I say, I want my car, and I post bond, how do I post bond? You post the, you pay the administrative fine, you pay the- The $500. Well, now it's $250, but at the, under the ordinance. However long it's been impounded, there'd be so much per day. Correct. You pay that, and you get your car. And then I later go to trial on the reckless driving, and I'm found not guilty. What happens? You're found not guilty. Now, the ordinance- What happens to the $250 and the tow fee and the impoundment? That's already a done deal if you allow that to go forward. Now, the Tow Ordinance does- It's allowed to go forward in that I don't appeal under the administrative review law a finding by the- Or don't ask for a continuance. The ordinance gives you the right to a quick hearing. It doesn't require a quick hearing. If I were in your situation, I would ask for a continuance of the hearing until I was able to prove my case at the state court, and then I'd come back and say, look, I was innocent here. What are you going to do, hearing officer? How do I- Then you've lost your car for 62 million days. No, you've paid the fine. You just get your money back. Oh, so if you- The ordinance does- The ordinance does provide for a return of the money if you are exonerated at the administrative hearing. At the administrative hearing? Yes. What about if you're exonerated at the criminal hearing? If you've already had the administrative hearing, then that's done. You need to keep both cases open if you are going to rely on that. Now- So you'd say, I'm willing to post bond, but I'm not willing to- Well, I only have to post bond if you've already found probable cause. So I say, I'm willing to post bond so I can take my car, but I don't want any further administrative proceeding. I'd ask for a continuance there. Now, bearing in mind, of course, that there's a different standard of proof, An exoneration, not guilty at the state court level, only means that the state could not prove it beyond a reasonable doubt. It's a preponderance of evidence standard on the administrative. What am I continuing? You would continue the hearing to determine whether or not, by preponderance of the evidence, the car was used by a driver who violated the law. That's all. I have your honors. Thank you. Now, I know the court mentioned to me this is 219, and we're just at the face of the ordinance. But when opposing counsel tells you what the rationale of their ordinance is, he's going beyond the face of the ordinance, I would submit. And I feel it's incumbent upon me to inform this court. They've mentioned it's an administrative fee. It's not a penalty or a fine. But if you look at the ordinance on its face, all it says is fine, penalty, fine, penalty. Administrative fee is not in this ordinance. And when you construe legislation, what do you do? You look at the express terms of the ordinance to determine their meaning. And they don't use any fee here. And I would suggest fee is generally thought to be an exchange for services. So there's a storage fee because your car was stored. There's a towing fee because someone towed it. You're fined because you did something wrong. And you're punished. And that's clear. And they know that. They told their city council, because he said this is the rationale. And I want to tell you, it isn't even their rationale outside this courtroom. Their city council said, what does it cost to enforce this ordinance? Because he went on about you've got the policeman's time and you've got this time. Remember that? So I'm going to say, he went to hearing, Mr. Drake went to hearing and said, the expense incurred by a municipality with respect to enforcement of the important enforcement is generally not considered relevant to fines imposed because the motivation of the system of laws is to create incentive for following lawful rules and regulations, to punish defendants for unlawful activity, and to regulate conduct based upon the needs of the community. It didn't say anything about the purpose being to recoup their costs. On the contrary. And the study showed it was about $100, not $500. So they had no relevancy. And they know that. And the cases that they say, oh, they found in this paper they were never presented with a right to jury trial or Fourth Amendment rights, all those cases presume they had jurisdiction. And counsel, if I could just interrupt, the cases that opposing counsel cites too, they were decided on double jeopardy grounds. Is that right? One was. One it said that the fine was an excessive punishment for double jeopardy grounds. Correct. Okay. But neither of them. And the other ones are kind of an innocent owner type of thing. So it's not a fee. It's a fine. Now, the other thing, this owner-operator dichotomy. All right. If you're the operator and the owner, the dichotomy makes no difference. All right. You know. And when you go to court, you do have a higher burden. They do have a higher burden of proof. Okay. But still, if you throw out an improbable cause and you're still guilty in the administrative hearing, they don't change that, you've got conflicting decisions that the administrative officer trumps the judge. The last thing is this owner-operator dichotomy. Consider this. I'm the owner, and I'm basically innocent. But I gave the car to somebody, and they committed the offense. To hold me responsible is basically saying, you're going to pay the fine because you own the car. And I'll say, what do you have to prove against me to pay the fine? I'm the owner. And they will say the same thing that you have to prove against the operator, plus we have to prove you're the owner. So the same issues are involved. In other words, if you want to put it in a little different language, I'm the owner, I'm vicariously responsible for the operator. And they have to prove the same elements against the operator as they would in order to hold me responsible as the owner. And what a mixed-up world we have if we say the owner, who's innocent, but he's being held accountable because he owns the car, somehow that helps them? I don't think so. I'm going to pay the fine. I want to get my car back. But if I go to a hearing, what do they have to prove? The same thing they have to prove against the owner, plus they have to prove you were the owner at the time, the same thing of the operator. Now, the other thing he didn't mention, and it's in our brief, and I want to mention it very briefly here, Fourth Amendment. It's clear. When they stop the car, there's no question about this. When you stop the car, you seize the operator within the meaning of the Fourth Amendment. When you seize this car and you impound it, you seize this property and you need probable cause. And this ordinance recognizes that. They use the term probable cause. That's Fourth Amendment. But it does two things that are illegal. This does two things. Number one, it does away with any need for a warrant. Every arrest, every seizure can be done without a warrant. And the U.S. Supreme Court says that your client wasn't seized. Yes, he was. When they pulled him over, that's a seizure under the Fourth Amendment. Well, he was charged with crimes. Well, yes, he was. But that was the seizure of him. Well, in the question, right, the seizure of him. And then the seizure of his property is also protected by the Fourth Amendment. So he has a right to say they had to have probable cause. And if they had the time and the circumstances were such, they should get a warrant. This ordinance does away with the warrant clause of the Constitution because in every case they don't need a warrant. All they need, if you read the opening paragraph, is a guy sitting in the car. It says, if you sit in the car, a motor vehicle in which the driver is The arrestor is cited in which? So he's in the car. So there's a warrant clause in the Fourth Amendment. And the U.S. Supreme Court has said you get a warrant if you're able to, if the circumstances aren't emergency-like, you're expected to get a warrant. And even if you have probable cause and you didn't get the warrant, we can throw it out. This ordinance does away with the warrant clause. It nullifies the warrant clause. And the second thing it does is the probable cause, which this on the face is required if you want to hear it, can't be made by an administrative judge. It can only be made by a detached, neutral magistrate. Thank you, counsel. Your time has expired. Thank you. That's a matter under advisement. Thank you, sir.